PATRICK ROGERS *vs.* F. A. SNOW COMPANY.

Bristol.   January 13, 1915. — February 24, 1915.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Employer's liability.

Where an employee of an expressman or teamster, who for a period of from three to four months had been "lifting and unloading heavy things" and carrying them in an express wagon, was ordered to go with his wagon for a manhole cover weighing three hundred and seventy-five pounds and was told that a

man would be sent up to help him load, and where, although he previously had loaded similar manhole covers at the same place and always had had a man to help him and never had attempted to load such a cover alone and although on these previous occasions the two men always had used two wooden horses to support the cover that was being put in the wagon and the employee had been instructed that this was the proper way to load a cover, yet on this occasion, when he found on getting to the place that the man whom he expected to help him was not there, after waiting ten minutes he undertook to load the cover alone using one wooden horse instead of two and was injured by the cover falling on his foot, it was *held,* that his injury was due to his own fault and that he had no cause of action against his employer.

TORT for personal injuries sustained by the plaintiff on December 29, 1909, when in the employ of the defendant, the declaration containing counts both under the employers' liability act and at common law. Writ dated August 25, 1910.

In the Superior Court the case was tried before *Morton,* J. The bill of exceptions contained the following statement: "The accident happened on the premises of the Fall River Electric Light Company shortly after seven o'clock on the morning of December 29, 1909. The plaintiff was employed and his wages were paid by R. B. Reid, an expressman. The defendant, however, hired a horse, wagon and driver from said Reid, and had full authority to control the plaintiff's actions and furnish materials and implements at the time of the accident, so that to all intents and purposes the plaintiff was in the direct employ of the defendant and was subject to all the rights and liabilities of the law governing employer and employee." The evidence in regard to the plaintiff's injury is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*D. R. Radovsky,* for the plaintiff.

*F. R. Greene,* for the defendant.

PIERCE, J. This is an action to recover damages for personal injuries suffered by the plaintiff while in the employ of the defendant. For a period of from three to four months before the accident he had been engaged in "lifting and unloading heavy things" and carrying them in an express wagon. On the morning of December 29, 1909, he received an order from his foreman to go to the premises of the Fall River Electric Light Company and there load his wagon with a manhole cover casting, weigh-

ing about three hundred and seventy-five pounds. When this order was given he was told that a man would be sent up to help him load. At other times at this place he had loaded like manhole covers and had been told to do so without assistance; but he always had had one man to help him and never had attempted to load the casting alone before the day of the accident.

On the first occasion of his going for the castings he was accompanied by one McManigle, from whom he took orders. On their arrival McManigle got two wooden horses, placed them at the back of the wagon, and as he did so said, "That is just the thing, . . . That is just the way to use them," and together rolled the casting on the wagon.

On the morning of the accident the plaintiff arrived at the premises of the electric light company at about five minutes before seven o'clock. The man whom he expected to help him was not there, so he went for the wooden horses which he had been using for about eight weeks, found one of them, brought it and placed it near the tailboard of the wagon. He again looked for his helper but did not find him; and at about ten minutes past seven he undertook to load the casting by himself in this way: He rolled it to the side of the wooden horse, stood it on its edge, lifted it and tipped it "end on end" until one end (rim) of it rested on the centre of the centre board. The wooden horse, not having been built to sustain so great a weight, broke, and the casting fell on the plaintiff's foot, causing the injuries complained of. Both wooden horses would have sustained the casting had there been two men to handle them and balance the weight to be put upon them.

It thus appears that the plaintiff, after ten minutes of waiting for the appearance of the promised helper, undertook to do the work in his own way and in his own time, without the impulsion of exigency, without direction, suggestion or command from any one whom he might feel bound to obey, and in disregard of his foreman's instructions. It turned out that his way was improper and careless, and that the accident was due to his fault and not to any default of his employer.

There is no evidence that the employer failed in the performance of any duty it owed to the plaintiff.

*Exceptions overruled.*